# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

June 24, 2009

Mr. Thaddeus Pauck
201 W. Main St. #5
Medford, OR 97501

Mr. Keith Boyd
88 E. Broadway
Eugene, Or 97401-2933

RE: Excavation, Etc., LLC   09-60953-fra7

Dear Counsel:

The parties have filed cross motions for summary disposition of this involuntary petition, and the material facts (including the fact that a dispute exists on a crucial point) are not in dispute. Because I find that there are insufficient qualifying petitioners, the involuntary petition will be dismissed.

## BACKGROUND

The alleged debtor filed Articles of Dissolution and began to wind down its business pursuant to ORS Ch. 63 in the fall of 2008. Notice was sent pursuant to the statute to all the company's creditors requiring them to file claims for money owed. These claims were processed by the company and, on January 2, 2009, the company made a *pro rata* distribution of its remaining assets to its unsecured creditors, amounting to a few cents on the dollar. It was conceded at oral argument that the alleged debtor held back on some claimants, seeking to engage in further negotiations with respect to personal guaranties held by those claimants.

On March 10, 2009, within 90 days of the distribution, the original involuntary petition was filed by three petitioning creditors. Four more petitioning creditors were added after the 90th day from the distribution.

## SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made

applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986). Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326-27 (1986).

## DISCUSSION

ORS 63.641 provides that a creditor's claim is barred if the creditor does not commence a proceeding to enforce its claim within 90 days of the date the claim was rejected. While the correspondence of January 2nd has no explicit language to this effect, the creditors' position is that the partial payment constitutes a rejection of the balance, and that any claim in excess of the amount paid is barred. The petitioning creditors argue to the contrary.

Given the competing interpretations of the effect of the January letter, and the application of the claims barring provision of ORS Ch. 63, I believe there is a *bona fide* dispute as to the claims of the latter four claimants, and believe for that reason they must be excluded.

There is also a *bona fide* dispute with respect to Hilton Oil Company, one of the three original petitioners. The parties acknowledge that their understanding of the amount owed by Hilton are tens of thousands of dollars apart. Hilton, relying on <u>In Focus Media</u>, 378 F.3d 916, 926 (9th Cir. 2004), argues that this doesn't matter, because at least part of the debt is acknowledged by the alleged debtor. <u>In Focus</u>, following <u>In re Seko Investment, Inc.</u>, 156 F.3d 1005 (9th Cir. 1998), provides that a "dispute as to the amount of the claim gives rise to a *bona fide* dispute only when (1) it does not arise from a wholly separate transaction, *and* (2) 'netting out the claims of debtors' could take the petitioning creditors below the amount threshold of § 303."

The BAPCPA amendments of 2005 added to § 303 a provision that a claim would be excluded if subject to a *bona fide* dispute as to liability or amount.[1] This overrules <u>Seko</u> and <u>In Focus</u>. If the <u>In Focus</u> rule were to remain in effect, the "and amount" language would be superfluous, since under <u>In Focus</u> the only dispute as to amount is a dispute over the entire

---

[1] Prior to the BAPCPA amendments, the claim of a petitioning creditor could not be "contingent as to liability or the subject of a bona fide dispute." Code § 303(b)(1). BAPCPA, effective for cases filed after October 17, 2005, added the words "as to liability or amount."

claim, or at least a big enough dispute that netting out would take the claim below the monetary threshold. It is a basic canon of statutory construction that language be given its full effect. See e.g, U.S. v. Church of Scientology Western U.S., 973 F.2d 715, 717 (9th Cir. 1992); U.S. v. Allen, 341 F.3d 870, 878 (9th Cir. 2003). That would not occur if In Focus is applied. Because the debt of Hilton Oil Company is subject to a *bona fide* dispute as to amount, Hilton Oil Company is not a valid petitioning creditor.

Under Code § 303(b) and the facts of this case, the involuntary petition must be filed by three or more creditors, each of which holds a claim that is "not contingent as to liability or the subject of a bona fide dispute as to liability or amount." As a result of these exclusions, only two petitioning creditors remain, which is insufficient. The petition should be dismissed. An order will be entered by the court consistent with this letter opinion. The alleged Debtor should submit a form of judgment, pursuant to Code § 303(i)(1), for costs or a reasonable attorney's fee.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge